# Illinois Official Reports

## Appellate Court

---

### *Wells Fargo Bank, N.A. v. Smith*, 2019 IL App (1st) 172963

---

| | |
|---|---|
| Appellate Court Caption | WELLS FARGO BANK, N.A., Plaintiff-Appellee, v. TYRONE SMITH; BRIGETTE SMITH; PORTFOLIO RECOVERY ASSOCIATES, LLC; THE STATE OF ILLINOIS; THE ILLINOIS HOUSING DEVELOPMENT AUTHORITY; and UNKNOWN OWNERS AND NONRECORD CLAIMANTS, Defendants (Tyrone Smith and Bridget Smith, Defendants-Appellants). |
| District & No. | First District, First Division<br>Docket No. 1-17-2963 |
| Filed | March 4, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-6352; the Hon. Fredrenna Lyle, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Anderson & Uddin, P.C., of Chicago (Omar F. Uddin, of counsel), for appellants.<br><br>Mayer Brown LLP, of Chicago (Lucia Nale, Michelle V. Dohra, and Geoffrey M. Pipoly, of counsel), for appellee. |

| Panel | JUSTICE WALKER delivered the judgment of the court, with opinion.
Justices Pierce and Griffin concurred in the judgment and opinion. |

**OPINION**

¶ 1     Plaintiff Wells Fargo Bank, N.A. (Wells Fargo), filed a motion for summary judgment and requested the trial court enter a judgment of foreclosure and sale against defendant Tyrone Smith (Smith) on September 30, 2015. Wells Fargo attached a loss mitigation affidavit sworn to on September 3, 2015, specifying a loss mitigation program applicable to Smith's mortgage, the steps taken to offer the loss mitigation program to Smith, and the status of those mitigation efforts as required by Illinois Supreme Court Rule 114 (eff. May 1, 2013). The trial court denied Wells Fargo's motion. On December 2, 2016, Wells Fargo filed a new motion for summary judgment and requested the court enter a judgment of foreclosure and sale and attached the same September 3, 2015, loss mitigation affidavit. The trial court granted the motion and entered a judgment of foreclosure and sale against Smith. Smith appealed and argues that Wells Fargo failed to comply with Rule 114 because the September 3, 2015, loss mitigation affidavit was sworn to over one year before Wells Fargo filed its motions for summary judgment and judgment of foreclosure and sale; therefore, the affidavit did not indicate the current status of mitigation efforts embarked upon by Wells Fargo at the time of its December 2, 2016, motion for judgment of foreclosure.

¶ 2                                 I. BACKGROUND

¶ 3     On July 3, 2012, Smith executed a mortgage loan for $158,272 with Wintrust Mortgage, a division of Barrington Bank and Trust Company (Wintrust), secured by real property located at 1026 31st Avenue, Bellwood, Illinois. On October 30, 2012, Wintrust assigned the mortgage to Wells Fargo.

¶ 4     On April 16, 2015, Wells Fargo filed a foreclosure complaint against Smith. Wells Fargo also named Brigette Smith (Brigette) as defendant on the belief that she is Smith's spouse and may have some interest on the property.[1]

¶ 5     On September 30, 2015, Wells Fargo filed a motion for entry of an order of default and judgment of foreclosure and sale. In support of the motion, Wells Fargo attached two affidavits: (i) an affidavit of amounts due and owing and (ii) a loss mitigation affidavit.

¶ 6     The affidavit of amounts due and owing was sworn to by Bridget A. Noble, vice president of loan documentation for Wells Fargo on September 21, 2015. Noble averred that Wells Fargo uses a "Mortgage Servicing Platform" to record and track mortgage payments and that based on the platform entries, Smith had failed to make payments. The affidavit indicated that as of September 15, 2015, the amount due and owing under the note was $160,242.22.

---

[1]Wells Fargo also named as defendants (i) Portfolio Recovery Associates, LLC, which secured a judgment against Smith, (ii) the State of Illinois, which recorded a lien against Smith for nonpayment of Illinois individual income tax, and (iii) the Illinois Housing Development Authority, to which Smith and Brigette executed a recapture agreement to secure a note in the principal sum of $35,000.

¶ 7       The loss mitigation affidavit was sworn to by Jasmin McLean, vice president of loan documentation for Wells Fargo on September 3, 2015. McLean averred that, after reviewing Wells Fargo's business records relating to Smith's mortgage, she found Smith's loan eligible for a loss mitigation program called "FHA foreclosure avoidance options." McLean further averred that "the following steps have been taken by [Wells Fargo] to comply with its obligations under such programs" including "Solicitation Letters," "Outbound Calls," "Denial/Appeal Period Letters," and "Additional Information Required Letters." McLean further averred the current status of the loss mitigation effort under the foreclosure avoidance program was "denied."

¶ 8       On November 30, 2015, Smith filed his answer to Wells Fargo's foreclosure complaint. Smith generally denied many of the allegations in the complaint or asserted a lack of sufficient knowledge to answer the allegation. On December 24, 2015, Wells Fargo filed a second motion for entry of an order of default and judgment of foreclosure and sale and attached the same affidavit of amounts due and owing and the loss mitigation affidavit. Wells Fargo also filed a motion for summary judgment arguing that Smith's general denials in his answer did not create a genuine issue of material fact.

¶ 9       On March 16, 2016, Smith filed his response to Wells Fargo's motion for summary judgment. Smith argued both the amounts due affidavit and the mitigation affidavit failed to comply with Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) because Wells Fargo failed to attach copies of the documents the affiants relied on. On April 15, 2016, Wells Fargo filed its reply in support of its motion for summary judgment. Wells Fargo argued that its complaint and affidavits complied with the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2016)), which governs mortgage foreclosure proceedings in Illinois. Wells Fargo contended that it established a *prima facie* case of foreclosure when it submitted into evidence the note, mortgage, and the amounts due affidavit, and that it was Smith's burden to prove payment, which he failed to do. On May 4, 2016, the trial court denied Wells Fargo's motion for summary judgment without prejudice.

¶ 10      On December 2, 2016, Wells Fargo filed a new motion for summary judgment and a new motion for entry of an order of default and judgment of foreclosure. The motion for summary judgment again argued that Smith's general denials in his answer did not create a genuine issue of material fact and, therefore, Wells Fargo was entitled an entry of judgment. In support of these motions, Wells Fargo attached the same September 3, 2015, loss mitigation affidavit but a new affidavit of amounts due and owing. The new affidavit of amounts due and owning was sworn to by Matthew Joseph Julian, another vice president of loan documentation for Wells Fargo on October 31, 2016. The affidavit indicated that as of October 28, 2016, the amount due and owing on the note was $174,678.50.

¶ 11      On February 22, 2017, Smith filed his answer to Wells Fargo's motion for summary judgment. Smith argued the September 3, 2015, mitigation affidavit was "outdated and cannot provide the 'current status of loss mitigation' " where Wells Fargo moved for foreclosure on December 2, 2016. Accordingly, Smith requested the court order Wells Fargo to file an updated loss mitigation affidavit that was current as of the filing of the December 2, 2016, motion for summary judgment and motion for entry of an order of default and judgment of foreclosure and sale. On March 2, 2017, Wells Fargo filed its reply in support of its motion for summary judgment. Wells Fargo argued that at the time the mitigation affidavit was executed,

it indicated the current status of its loss mitigation efforts and that there was no requirement to file a current loss mitigation affidavit.

¶ 12 On March 13, 2017, the trial court found that Smith's answer, "as pleaded without sufficient documentation," did not raise a genuine issue of material fact and granted Wells Fargo's motion for summary judgment. The trial court also entered a judgment of foreclosure and sale against Smith.[2] On September 21, 2017, the property was sold at a judicial sale and the trial court entered an order approving the sale on November 1, 2017. Smith and Brigette filed their notice of appeal on November 30, 2017, and filed an amended notice of appeal on December 11, 2017.

¶ 13                                   II. ANALYSIS

¶ 14                               A. Standard of Review

¶ 15 Smith argues the trial court erred when it granted Wells Fargo's motion for summary judgment and entered a judgment of foreclosure and sale against Smith. Smith contends there remained a genuine issue of material fact as to whether Wells Fargo's loss mitigation affidavit sufficiently complied with Rule 114. When interpreting a supreme court rule, we ascertain and give effect to the intent of the supreme court for promulgating the rule. *Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶ 35. The most reliable indicator of the court's intent is the actual language of the rule, giving the words of the rule their plain and ordinary meaning. *Id.* We review the construction of a court rule *de novo. Id.* Furthermore, when reviewing a trial court's ruling on a motion to strike an affidavit, which motion was made in conjunction with the court's ruling on a motion for summary judgment, the appropriate standard of review is *de novo. Jackson v. Graham*, 323 Ill. App. 3d 766, 773 (2001).

¶ 16                         B. Illinois Supreme Court Rule 114

¶ 17 Smith argues Wells Fargo did not comply with Rule 114 because it simply recycled the September 3, 2015, loss mitigation affidavit when Wells Fargo attached it to its December 2, 2016, motions for entry of an order of default and judgment of foreclosure and sale, and summary judgment. Smith contends that, because the loss mitigation affidavit was sworn to over one year before Wells Fargo filed its December 2, 2016, motions, it did not indicate the current status of mitigation efforts embarked by Wells Fargo at the time of its December 2, 2016, motion for judgment of foreclosure.

¶ 18 Our supreme court adopted Rule 114 in response to a "huge increase" in foreclosures and found it is in the best interest of the public to work out possible mortgage refinancing rather than foreclose. Ill. S. Ct. R. 114(a), Committee Comments (adopted Apr. 8, 2013); *Simpson*, 2015 IL App (1st) 142925, ¶ 36. Rule 114 (a) provides that "[f]or all actions filed under the Illinois Mortgage Foreclosure Law, and where a mortgagor has appeared or filed an answer or other responsive pleading, Plaintiff must, *prior to moving for a judgment of foreclosure*, comply with the requirements of any loss mitigation program which applies to the subject mortgage loan." (Emphasis added.) Ill. S. Ct. R. 114(a) (eff. May 1, 2013). Rule 114(b) provides that, in order to comply with subsection (a),

---

[2]The trial court also entered an order of default against named defendants Brigette, Portfolio Recovery Associates, LLC, the State of Illinois, and the Illinois Housing Development Authority after finding that they failed to appear or plead.

"Plaintiff, prior to or at the time of moving for a judgment of foreclosure, must file an affidavit specifying:

    (1) Any type of loss mitigation which applies to the subject mortgage;

    (2) What steps were taken to offer said type of loss mitigation to the mortgagor(s); and

    (3) The status of any such loss mitigation efforts." (Emphasis added.) Ill. S. Ct. R. 114(b) (eff. May 1, 2013).

¶ 19      In this case, Wells Fargo prepared its loss mitigation affidavit on September 3, 2015. Wells Fargo filed the affidavit, together with its motion for entry of an order of default and judgment of foreclosure and sale on September 30, 2015. Wells Fargo then filed the same affidavit along with its new motions for entry of an order of default and judgment of foreclosure and sale, and summary judgment on December 2, 2016. The affidavit specified a loss mitigation program called "FHA foreclosure avoidance options" (foreclosure avoidance program) as the type of loss mitigation that applied to Smith. The mitigation affidavit also outlined the steps Wells Fargo took to offer the foreclosure avoidance program to Smith, namely "Solicitation Letters," "Outbound Calls," "Denial/Appeal Period Letters," and "Additional Information Required Letters." Finally, the affidavit indicated the status of the mitigation efforts as "denied."

¶ 20      The plain language of Rule 114(a) requires a mortgagee to comply with any loss mitigation program prior to moving for a judgment of foreclosure. Ill. S. Ct. R. 114(a) (eff. May 1, 2013). The plain language of Rule 114(b) requires a mortgagee to file a loss mitigation affidavit prior to or at the time of moving for a judgment of foreclosure. Ill. S. Ct. R. 114(b) (eff. May 1, 2013). Wells Fargo complied with the loss mitigation requirement prior to moving for a judgment of foreclosure by specifying in an affidavit the type of loss mitigation applicable to Smith's mortgage, the steps taken to offer the loss mitigation program to Smith, and the status of those mitigation efforts. Wells Fargo then filed the affidavit at the time it moved for a judgment of foreclosure on December 2, 2016. Accordingly, we find that because Wells Fargo complied with the requirements of a loss mitigation program prior to moving for a judgment of foreclosure and filed its loss mitigation affidavit at the time it filed its motion for judgment of foreclosure on December 2, 2016, Wells Fargo's loss mitigation affidavit complied in both substance and form with the requirements of Rule 114.

¶ 21      Furthermore, Rule 114(d) provides that "[t]he court may, either *sua sponte* or upon motion of a mortgagor, stay the proceedings or deny entry of a foreclosure judgment if Plaintiff fails to comply with the requirements of this rule." Ill. S. Ct. R. 114(d) (eff. May 1, 2013). This court has held that, because subsection (d) uses the word "may" rather than "shall," Rule 114 is not mandatory and leaves "some room for judicial discretion regarding the level of strictness of its enforcement." *Simpson*, 2015 IL App (1st) 142925, ¶ 37. Accordingly, even if Wells Fargo failed to comply with Rule 114, the trial court had discretion to still grant Wells Fargo's motion for judgment of foreclosure and sale. We hold the trial court did not err in granting Wells Fargo's motion for summary judgment and entering a judgment of foreclosure and sale.

¶ 22                            III. CONCLUSION

¶ 23      The trial court did not err by granting summary judgment and entering a judgment of foreclosure and sale where the loss mitigation affidavit submitted with Wells Fargo's earlier motion for summary judgment was relied upon by the trial court for entry of judgments

because defendant failed to raise a genuine issue of material fact regarding Wells Fargo's loss mitigation affidavit. The affidavit complied in both substance and form with the requirements of Rule 114.

¶ 24        Affirmed.